'(December 30, 1891.)'

## WASHINGTON AND IDAHO RAILROAD COMPANY v. COEUR D'ALENE RAILWAY AND NAVIGATION COMPANY ET AL.

### [28 Pac. 394.]

CONDEMNATION OF LAND FOR RAILROAD PURPOSES—JURISDICTION OF DISTRICT JUDGE AT CHAMBERS.—1. A district judge in Idaho has no jurisdiction to hear a proceeding for the condemnation of lands, or to enter judgment or decree therein, · under the statute, at chambers.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

John H. Mitchell, Jr., W. T. Stoll and Albert Allen, for Appellant.

To the court alone, and not to the judge at chambers, is given the power to regulate and determine the place and manner of making connections and crossings, and enjoying the common use mentioned in that title. (Idaho Rev. Stats., sec. 5219.) The judge at chambers has no right, even by consent, to enter up a decree or try a cause or condemn land or property. (Idaho Rev. Stats., secs. 3890, 3910; *Loomis v. Andrews,* 49 Cal. 239; *Brennan v. Gaston,* 17 Cal. 375.)

Woods & Heyburn, for Respondent.

No brief on file.

HUSTON, J.—This was a proceeding under the statute for condemnation of land for railroad purposes. Plaintiff filed complaint, to which defendant demurred. Record does not show what disposition was made of the demurrer. On September 14, 1888, the district judge, at chambers, heard and de-

termined said cause, and entered the following judgment and decree:

"[Title of Court and Cause.]

## "JUDGMENT.

"This cause coming on regularly to be heard by the judge of the above-named court sitting in chambers at Wallace in said county, and the said judge having first gone upon the line of railroad of defendant at the point of the proposed intersection near the mouth of Elk creek, as in the complaint herein described, and having viewed the premises, and heard the testimony of the plaintiff, defendant and the said intervener herein, and being fully advised in the premises, and the said defendant and intervener before said judge consenting, it is hereby ordered, adjudged and decreed that the above-named plaintiff be allowed to construct at its own expense a roadbed and railroad between the stations named in said complaint near the mouth of Elk creek, as in said complaint proposed, in such a manner as to enable the railroad of plaintiff to be constructed to the southward of the railroad of defendant, said railroad, so constructed for the defendant, to be subject to the approval and acceptance of said defendant, and when said roadbed and railroad shall have been so constructed for defendant as aforesaid the plaintiff shall be entitled to connect the same at either end with the line of defendant now operated, and remove the track of the defendant from the roadbed upon which the same now rests to the roadbed to be so constructed; and that plaintiff shall construct, at its own expense, a culvert of sufficient size, at a point to be designated by the superintendent of the said intervener, so as to enable the flume of said intervener to be constructed under and through the roadbed of plaintiff at such place or places as may be so designated. It is further ordered, adjudged and decreed that the roadbed now occupied by the said defendant be condemned to the use of the plaintiff as in said complaint prayed for, upon the plaintiff performing the acts hereinbefore mentioned. It is further ordered, adjudged

and decreed that the crossing of the railroad of defendant by the railroad of plaintiff at station 2512 on plaintiff's line— said point being five hundred feet eastwardly from Patrick Whalen's ranch, near the Old Mission, in said county; said crossing being at grade, and at angle of twenty-two degrees— be, and the same is hereby, condemned to the use of the plaintiff. It is further ordered, adjudged and decreed that the crossing of the railroad of defendant by the railroad of plaintiff at station 2982x98 on plaintiff's line—said point being about eighteen hundred feet below the mouth of Government gulch, on the south fork of the Coeur d'Alene river, in said county; said crossing being at grade, and at an angle of thirty-two degrees—be, and the same is hereby, condemned to the use of said plaintiff.            "JOHN L. LOGAN,
                                                      "Judge."

Afterward, on the twenty-sixth day of October, 1889, said district judge, on motion of plaintiff, without notice, made the following supplemental decree at chambers:

"[Title of Court and Cause.]

## "SUPPLEMENTAL DECREE.

"It appearing to me that the above-named plaintiff has completed the construction of the grade at the mouth of Elk creek on which to place the track of defendant's railroad, as provided to be done in the order of this court made September 14, 1888, and that plaintiff has submitted the same to the superintendent of defendant for his approval, and said superintendent having found or made no substantial objection to the manner in which the work of construction was done, and the objection made to said grade by J. R. Stephens not seeming to be based upon any substantial objection to the manner of construction of said grade, but to be an attempt to compel certain concessions by plaintiff as a condition to accepting said grade, it appearing by affidavit of W. H. Burrage that said grade as constructed is fully up to the requirements of said

Points decided.

order heretofore made in the premises, it is hereby ordered that the plaintiff be allowed to change the track and railroad of defendant from the new roadbed constructed for it by plaintiff under the order of this court; provided, that such change shall be made at such time and in such manner as not to unnecessarily delay or hinder the operation of defendant's railroad at said point in the running of the regular trains thereon on schedule time thereover; and that the sheriff of Shoshone county is hereby ordered and empowered to put the plaintiff in possession of the premises, and protect it and its employees while making such change from any interference by defendant or anyone.          "JOHN L. LOGAN,
                                          "Judge."

From both of which decrees the defendant appeals, and alleges as error that the same are void for want of jurisdiction in the district judge to make the same.

A district judge in Idaho has no jurisdiction to hear a proceeding for the condemnation of lands, or to enter judgment or decree therein, under the statute, at chambers. (Idaho Rev. Stats., secs. 3890-3910; Idaho Rev. Stats., tit. 7.) Decrees reversed, and cause remanded; costs awarded to appellant.

Sullivan, C. J., and Morgan, J., concur.